UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTIAN MEDINA GUEL,
Petitioner,
v.
CHRISTOPHER CHESTNUT,
Respondent.

No. 1:26-CV-0426-DAD-DMC-HC

FINDINGS AND RECCOMENDATIONS

Petitioner, an immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See ECF No. 1. Respondent filed an answer, ECF No. 10, and Petitioner filed a reply, ECF No. 12.

## I. BACKGROUND

Petitioner contends that he is a Mexican citizen who was detained August 2025. See ECF No. 1, pg. 5. Petitioner asserts that he has children who were born in the United States and wife. See id. According to Petitioner, he was sentenced to one year in prison following a charge of violating California Penal Code Section 245. See id. Petitioner argues his detention is unconstitutional because it exceeds six months and he has not been afforded a bond hearing. Id. at 8. Petitioner argues that due process requires an individualized bond hearing when detention becomes unreasonably prolonged. See id. at 9 (citing Mathews v. Eldridge, 424 U.S. 319, 335

(1976).).

Respondent argues that Petitioner is subject to detention under 8 U.S.C. § 1226(c)(1)(B) and therefore is not entitled to release or a bond hearing. See ECF No. 10, pg. 1. According to Respondent, Petitioner adjusted his status to legal permanent resident on December 18, 2012. See id. Respondent asserts that on August 28, 2024, Petitioner was convicted of two counts of assault with a firearm in violation of Cal. Pen. Code § 245(a)(2) was sentenced to three years in prison and upon release from state custody, Petitioner was detained by Immigration and Customs Enforcement (ICE) on August 9, 2025. See id. at 2. Respondent contends that Petitioner was "originally detained as deportable under 8 USC § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony under 8 USC § 1101(a)(43)(F), and issued a Notice to Appear." Id. (citing id. at 8). Following Petitioner's request for a custody determination, "the Immigration Judge denied his bond determination request stating he has an aggravated felony and is subject to mandatory custody under INA section 236(c)." Id. (citing id. at 40).

On March 2, 2026, Petitioner filed a response requesting a bond hearing due to Petitioner's detention of over six months with no foreseeability of removal. See ECF No. 12, pg. 2 (citing Zadvydas v. Davis, 533 U.S. 678 (2001)).

**A. Detention Authority**

The most important consideration to determine whether immigration detention is mandatory or discretionary, and the statutory process afforded to the detainee to challenge such detention is what statute, and section of said statute, the individual falls under. See Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). Section 236 of the Immigration and Nationality Act, 8 U.S.C. § 1226, governs the apprehension and detention of noncitizens whose removal proceedings are pending. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). Section 1226(c)(1)(E) of the Immigration and Nationality Act mandates the

detention of inadmissible noncitizens[1] "charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E).

In Jennings, the Supreme Court found that "together with § 1226(a), § 1226(c) makes clear that detention of aliens within its scope must continue 'pending a decision on whether the alien is to be removed from the United States.'" 583 U.S. 281, 303-04, (2018) ("By expressly stating that the covered aliens may be released 'only if' certain conditions are met, 8 U.S.C. § 1226(c)(2), the statute expressly and unequivocally imposes an affirmation prohibition on releasing detained aliens under any other conditions."). Accordingly, the Court held that "§ 1226(c) mandates detention of any alien falling within its scope and that detention may end prior to the conclusion of removal proceedings 'only if' the alien is released for witness-protection purposes." Id.

Here, Respondent asserts, and Petitioner does not challenge, that Petitioner was convicted on two counts of Assault with a Firearm in violation of Cal. Pen. Code § 245(a)(2) and was sentenced to three years in prison. See ECF No. 10, pgs. 1-2. Respondent contends that Petitioner's convictions constitute "two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct," § 1227(a)(2)(A)(ii), and Petitioner is therefore subject to mandatory detention pursuant to § 1226(c). See ECF No. 10, pg. 3. It does not appear Petitioner is challenging this classification and to the extent that Petitioner does, such a challenge can be raised by Petitioner requesting a Matter of Joseph, 22 I&N Dec. 799 (BIA 1999) hearing before an immigration judge, Demore v. Kim, 538 U.S. 510, 514, 123 S. Ct. 1708, 155 L. Ed. 2d 724 (2003). Thus, the undersigned finds that Petitioner's detention is pursuant to § 1226(c)(1)(B).

/ / /

/ / /

[1] This opinion uses the term "noncitizen" as equivalent to the statutory term "alien," in keeping with recent preferred nomenclature. Avilez v. Garland, 69 F.4th 525, 527 n.1 (9th Cir. 2023) (collecting cases).

**B. Prolonged Detention**

Regardless of the authority to detain Petitioner, Petitioner contends that his removal is not foreseeable "and there have been no meaningful removal efforts demonstrated." ECF No. 12, pg. 2 (citing Zadvydas v. Davis, 533 U.S. 678 (2001)). Accordingly, Petitioner requests a second bond hearing. See id.

1. *Zadvydas*

In Zadvydas the Supreme Court noted that a "statute permitting indefinite detention of an alien would raise a serious constitutional problem" under the Fifth Amendment Due Process Clause. Zadvydas, 533 U.S. at 690. Accordingly, the Supreme Court held that after a presumptively reasonable six-month period of post-removal period detention, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id. at 701.

The undersigned has previously addressed the applicability of Zadvydas for noncitizens who are not yet subject to a final order of removal. See Diep v. Chestnut, No. 1:26-cv-01664-DC-DMC-HC, 2026 LX 446676 (E.D. Cal. July 29, 2026). However, the undersigned declines to address this issue because, even if Petitioner here were eligible for relief pursuant to Zadvydas, Petitioner's claim is without merit. Petitioner has failed to "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701. Petitioner merely asserts that his removal is not foreseeable, without providing any evidence or basis for such claim. Thus, the undersigned finds Petitioner is not entitled to relief pursuant to Zadvydas.

2. *Mathews* Factors

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. Hernandez v. Session, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. Zadvydas, 533 U.S. at 693 ("[T]he Due Process Clause applies to all "persons" within the United States, including noncitizens, whether

their presence here is lawful, unlawful, temporary, or permanent."). These due process rights extend to immigration proceedings. Id. at 693–94. Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due."). The Court considers each step in turn.

As for the first step, the Court finds Petitioner has shown he has a protectable liberty interest. See Morrissey, 408 U.S. at 482. "Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas, 533 U.S. at 690. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. July 24, 2025). "On December 18, 2012, Petitioner, a national of Mexico, adjusted status to legal permanent Resident," ECF No. 10, pg. 1, and Petitioner has a wife and two children, who were born in the United States, ECF No. 1, pg. 5. Thus, Petitioner lived in the United States for over ten years prior to his conviction and ultimate immigration detention, establishing a protectable liberty interest.

Having found a protected liberty interest, the Court examines what process is necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. Courts in this District have considered whether due process necessitates a bond hearing when individuals are detained pursuant to § 1226(c) for a prolonged period, applying the Mathews factors. See Rafael P. v. Warden of the Golden State Annex Det. Facility, No. 1:25-cv-1738-DAD-JDP, 2026 WL 534408, 2026 LX 19853 (E.D. Cal. Feb. 26, 2026) report and recommendation adopted sub nom. Perez v. Warden of the Golden State Annex Ice Detention Facility, No. 1:25-CV-01738-DAD-JDP (HC), 2026 WL 927937 (E.D. Cal. Apr. 6, 2026). The Court considers three factors: (1) "the private interest that will be affected by the official action;"

(2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews v. Eldridge, 424 U.S. 319, 335 (1976). As set forth below, the Court finds Petitioner has established his due process rights were violated.

First, as previously addressed, Petitioner has a substantial private interest in remaining free from detention. As to the risk of erroneous deprivation, the undersigned finds Rafael P. instructive. See Rafael P. v. Warden of the Golden State Annex Det. Facility, No. 1:25-cv-1738-DAD-JDP, 2026 WL 534408, 2026 LX 19853 (E.D. Cal. Feb. 26, 2026) report and recommendation adopted sub nom. Perez v. Warden of the Golden State Annex Ice Detention Facility, No. 1:25-CV-01738-DAD-JDP (HC), 2026 WL 927937 (E.D. Cal. Apr. 6, 2026). There, the assigned Magistrate Judge recommended the petition be denied, finding that while Petitioner had a protectable liberty interest, there was a low risk of erroneous deprivation given petitioner was already afforded a bond hearing and the government's interest in detaining petitioner without a second bond hearing was high, in order to protect the public and effectuate petitioner's removal if he was ordered removed. See id.

Here, Petitioner was provided a bond hearing on August 21, 2025, where an immigration judge denied bond citing Petitioner's criminal history and that Petitioner is subject to mandatory detention under 1226(c). See ECF No. 10, pg. 40. The difference between Petitioner here, and Rafael P., is that at the time the District Judge denied Rafael P.'s petition, he had been detained around six months whereas here, Petitioner will have been detained for one year on August 9, 2026. Further, while Petitioner here was afforded a bond hearing, he has remained in detention for over eleven months since that hearing. Thus, the undersigned finds the risk of erroneous deprivation is higher here where Petitioner has been detained for almost a year without any additional procedures.

Finally, while the government interest in protecting the public and ensuring Petitioner's appearance in removal proceedings, the effort and cost required to provide Petitioner

with procedural safeguards are minimal. See Garcia v. Andrews, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). Detention hearings in immigration courts are routine and impose a "minimal cost." Doe v. Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. March 3, 2025).

In Soto, the assigned District Judge considered the length of detention in the context of the Mathews factors, granting the petition upon finding a due process violation where the petitioner was detained for almost seven months without a bond hearing. See Soto v. Warden, Golden State Annex Det. Facility, No. 1:26-cv-00893-DAD-CSK, 2026 LX 312180 (E.D. Cal. July 8, 2026). The District Judge adopted the reasoning in Gaspar, where the Court found that the liberty interest was strong where detention lasted longer than six month and may continue another six months because such detention is prolonged, the risk of erroneous deprivation is high where the petitioner has not been provided and will not be provided a bond hearing, and the government's interest in detaining petitioner absent a bond hearing was low. See id (citing Gaspar v. Warden of the Golden State Annex ICE Det. Facility, No. 1:25-cv-02026-JLTSAB (HC), 2026 U.S. Dist. LEXIS 103771, 2026 WL 1283349 (E.D. Cal. May 11, 2026), report and recommendation adopted, 2026 WL 1803570 (E.D. Cal. June 23, 2026) (citations omitted)).

As previously discussed, Petitioner here was afforded a bond hearing in August 2025 but Petitioner has been detained for almost an entire year since that hearing. The undersigned finds that government interest here is stronger than that identified in Gaspar given Petitioner is subject to detention pursuant to § 1226(c). In Soto, the petitioner was also subject to mandatory detention under § 1226(c), and the District Judge found the Mathews factors weighed in favor of finding a due process violation based on his prolonged detention.

Though Petitioner here was previously provided a bond hearing, the undersigned finds that on balance, the Matthews factors weigh in favor of finding Petitioner is entitled to an additional bond hearing based on his continued, prolonged detention, absent opportunity for additional procedural safeguards. In accordance with Soto, the undersigned finds that "because the court has found that procedural due process requires that petitioner be provided with a bond hearing in light of his prolonged detention, binding Ninth Circuit precedent requires that the

burden at that hearing be placed on the government by clear and convincing evidence." See Soto v. Warden, Golden State Annex Det. Facility, No. 1:26-cv-00893-DAD-CSK, 2026 LX 312180 (E.D. Cal. July 8, 2026) (citing Singh v. Holder, 638 F.3d 1196, 1203-05 (9th Cir. 2011)).

Thus, the undersigned will recommend the petition be granted in part and Respondent be ordered to provide Petitioner a bond hearing where Respondent bears the burden of proof.

## III. CONCLUSION

Based on the foregoing, the undersigned RECOMMENDS that:

1. It is RECOMMENDED that the petition for writ of habeas corpus, ECF No. 1, be GRANTED as to Petitioner's request for a bond hearing;

2. It is RECOMMENDED that Respondent be ordered to provide petitioner with a substantive bond hearing within ten (10) days of the date of entry of the District Judge's order, where Respondent will bear the burden of demonstrating that Petitioner is a danger to the community or a risk of flight by clear and convincing evidence.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Thus, within 7 days after being served with these findings and recommendations, any party may file written objections with the Court. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 5, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE